**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

MICHAEL BUXBAUM,                                      :

                    Plaintiff,            :

                               :           25-CV-527 (JPC) (OTW)

        -against-                        :

                               :           **REPORT & RECOMMENDATION**

ERIC GOLDSMITH,                                      :           **TO THE HON. JOHN P. CRONAN**

                    Defendant.           :

                               :

-------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

## I.      INTRODUCTION

Michael Buxbaum ("Plaintiff") brought this action *pro se* against Dr. Eric Goldsmith ("Defendant") alleging "fraud" in connection with medical services provided to Plaintiff. In (not) pursuing his suit, Plaintiff has failed to keep his address updated (*see* Docket), comply with Court directives (ECF Nos. 27-31), failed to meet Court-ordered deadlines (ECF Nos. 34, 36), failed to timely communicate with the Court (*see* Docket), and failed to respond to Defendant's motion to dismiss. (ECF 33). In short, Plaintiff has failed to prosecute his case entirely for over 5 months.

In July, the Court issued an Order to Show Cause why it should not deem Defendant's motion to dismiss as unopposed. (ECF 36) Plaintiff did not respond despite an explicit warning that failing to do so could result in a recommendation that Defendant's motion to dismiss be granted as unopposed.  (*See* ECF 36). Accordingly, I respectfully recommend that Defendant's

motion to dismiss be deemed unopposed[1], and the case dismissed on Defendant's motion or for failure to prosecute.

## II.    DISCUSSION

A district court may dismiss a civil action if the plaintiff fails to prosecute his claim, comply with court rules, or comply with a Court order.  *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)); Fed. R. Civ. P. 41(b).  *See* Fed. R. Civ. P. 16(f), 37(b).  Dismissal for failure to prosecute is a "harsh remedy" appropriate only in "extreme situations."  *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).  While courts afford "special solicitude" to *pro se* litigants (*Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010)), especially regarding procedural matters (*Le Sane*, 239 F.3d at 209) the obligation to move his case forward still applies to a *pro se* plaintiff.  *See Smith v. Griffen*, No. 15-CV-622(ALC)(BCM), 2017 WL 4466453, at *2–3 (S.D.N.Y. 2017) ("[C]ourts in in this district routinely dismiss *pro se* . . . actions for failure to prosecute where [a plaintiff] fails to participate . . ."), *rep. & rec. adopted*, at No. 15-CV-622(ALC), 2017 WL 4477062, at *1 (S.D.N.Y. 2017).

Dismissal for failure to prosecute is proper if, in light of the record as a whole, the balance of five factors favors dismissal: (1) whether the plaintiff's failure to prosecute caused a delay of significant duration; (2) whether the plaintiff was given notice that further delay would result in dismissal; (3) whether further delay prejudices the defendant; (4) the need to alleviate court calendar congestion balanced against the plaintiff's right to an opportunity to be heard;

---

[1] Defendant argues that Plaintiff's conclusory pleading that Defendant rendered medical services and received payment for them, (*see* ECF 1), does not satisfy the requirements of Fed. R. Civ. P. 8, 9(b), and/or 12(b)(6). (ECF 33).

2

and (5) the efficacy of lesser sanctions. *Drake*, 375 F.3d 254.  No one factor is dispositive. *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).

Here, all five factors weigh in favor of dismissal.

**Factor 1: Delay of Significant Duration**

Aside from a letter requesting leave to file an amended complaint on May 14, 2025, (ECF 28), Plaintiff has not communicated with the Court or responded to Defendant's June 5, 2025, motion to dismiss. (ECF 33). As a result, the Court has been unable to resolve Defendant's motion or otherwise advance this case for over 5 months. This delay is well within the range of 4 to 10 months considered sufficiently "significant" to favor dismissal.  *Rubin v. Abbott Lab'ys*, 319 F.R.D. 118, 120 (S.D.N.Y. 2016) (collecting cases).

**Factor 2: Notice**

In its Order to Show Cause (ECF 36), the Court explicitly warned Plaintiff that failure to participate in his case would result in dismissal of his case. The Court gave Plaintiff a clear deadline, August 22, 2025, to satisfy the Order to Show Cause by filing an opposition to Defendant's Motion to Dismiss. To date, 3 months after the deadline, Plaintiff has not responded or taken any action to prosecute this case despite ample notice that further delay on his part would result in his case being dismissed.  *See Drake*, 375 F.3d 254.

**Factor 3: Prejudice to Defendant**

Prejudice to Defendant is presumed here.  *See Rubin*, 319 F.R.D. at 121.  Plaintiff has not participated in this lawsuit since May 2025, and his failure to respond to Defendant's motion to dismiss prevents Defendant from moving forward with this case into discovery or resolving it, unfairly forcing them to bear the expense of this lawsuit.  *Id.*

**Factor 4: Judicial Resources**

Where, as here, a plaintiff "has rebuffed opportunities to be heard," by not responding to the Court's Order to Show Cause, calendar congestion outweighs the litigant's right to an opportunity to be heard. *Rubin*, 319 F.R.D. at 121 (collecting cases); *Baptiste*, 768 F.3d at 218–19. The Court need not continue to offer Plaintiff time in its calendar.

**Factor 5: Lesser Sanctions**

On this record, dismissal is appropriate because lesser sanctions would be inadequate. Every filing in this case the Court has mailed to Plaintiff at his last known address since June 2025, a total of 5 separate filings over as many months, have all been returned as undeliverable. *See In Re: Cases Filed by Pro Se Plaintiffs*, No. 24-MC-127 (LTS) (S.D.N.Y. Mar. 18, 2024) (standing order that it is Plaintiff's obligation to provide an address for service because the service of Court orders cannot be accomplished if a party does not update the Court when a change of address occurs, and warning that a failure to keep the Court updated with a current address may result in dismissal of a plaintiff's claims for failure to prosecute). Where, as here, the Court has no other means to move the case forward, dismissing the case is appropriate, and the Court need not exhaust all possible lesser sanctions before doing so. *South New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 148 (2d Cir. 2010). *C.f. Baptiste*, 768 F.3d at 219 (reversing the lower court where alternatives may have been effective, such as setting and enforcing reasonable deadlines for discovery and motion practice).

Accordingly, I respectfully recommend Defendant's motion to dismiss (ECF 33) be **GRANTED** as unopposed or, in the alternative, that the case be dismissed for failure to prosecute.

4

### III.    OBJECTIONS

In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days (including weekends and holidays) from receipt of this Report to file written objections. *See also* Fed. R. Civ. P. 6. A party may respond to any objections within fourteen (14) days after being served. Such objections, and any responses to objections, shall be addressed to the Honorable John P. Cronan, United States District Judge. Any requests for an extension of time for filing objections must be directed to Judge Cronan.

**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988); *McCarthy v. Manson*, 714 F.2d 234, 237–38 (2d Cir. 1983). The Plaintiff's failure to file written objections precludes appellate review of this decision. *See Caidor v. Onondaga County,* 517 P.3d 601. 604 (2d Cir.2008). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and in *forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States,* 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to serve a copy of this Order on the *pro se* Plaintiff at the address on the docket.

**SO ORDERED.**

/s/ Ona T. Wang

Dated: November 17, 2025          **Ona T. Wang**
New York, New York               United States Magistrate Judge

5