UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- X
                                                    :
MICHAEL BUXBAUM,                                    :
                                                    :
                              Plaintiff,            :          25 Civ. 527 (JPC) (OTW)
                                                    :
        -v-                                         :          ORDER ADOPTING
                                                    :          REPORT AND
ERIC GOLDSMITH,                                     :          RECOMMENDATION
                                                    :
                              Defendant.            :
                                                    :
------------------------------------------------------------------------- X

JOHN P. CRONAN, United States District Judge:

Plaintiff Michael Buxbaum brings this action against Defendant Eric Goldsmith.  Dkt. 16 (Amended Complaint).  On November 17, 2025, the Honorable Ona T. Wang, to whom this case has been referred for general supervision of pretrial proceedings and to issue recommendations on any dispositive motions, issued a Report and Recommendation, recommending that the Court either grant Defendant's motion to dismiss Plaintiff's operative complaint, Dkt. 33, as unopposed or dismiss this case for failure to prosecute.   Dkt. 37 ("R&R").

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" in a Report and Recommendation.  28 U.S.C. § 636(b)(1)(C).  If a party submits a timely objection to any part of the magistrate judge's disposition, the district court will conduct a *de novo* review of the contested section.  Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  If no objections are made, a court reviews the Report and Recommendation for clear error.  *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

The Report and Recommendation, citing both Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object and would preclude appellate review. R&R at 5.  The Report and Recommendation was electronically filed on November 17, 2025, and was mailed to Plaintiff on November 19, 2025.  *See* Fed. R. Civ. P. 6(d) (adding three days if service is made by mail).  No objections have been filed and the time for making any objections has passed.  The parties have therefore waived the right to object to the Report and Recommendation or to obtain appellate review.  *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992).

Notwithstanding this waiver, the Court has conducted a *de novo* review of the Report and Recommendation, and finds it to be well founded.  Construing the Report and Recommendation as recommending dismissal without prejudice for failure to prosecute, the Court adopts the Report and Recommendation in its entirety.  Among other litigation failures, as Judge Wang explained, at least five "separate filings over as many months" that the Court mailed to Plaintiff at his last known address have "been returned as undeliverable," notwithstanding this Court's Standing Order that a *pro se* plaintiff must update the Court of any change in address and that failure to do so may result in dismissal of his case.  R&R at 4; *see In Re: Cases Filed By Pro Se Plaintiffs*, No. 24 Misc. 127 (LTS) (S.D.N.Y. Mar. 18, 2024), Dkt. 1 (ordering that "all self-represented litigants" must "inform the court of each change in their address or electronic contact information" and explaining that because "service of court orders cannot be accomplished if a party does not update the court when a change of address occurs," the Court, upon notice, may dismiss the case "without prejudice for failure to comply with this order"); *accord* Dkt. 2 (entering the March 18, 2024

Standing Order on the docket shortly after the commencement of this case).  Accordingly, this action is dismissed without prejudice and the Clerk of Court is respectfully directed to enter judgment in favor of Defendant and to close this case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).  The Clerk of Court is respectfully directed to serve a copy of this Order on Plaintiff at the address on the docket.

SO ORDERED.

Dated: December 9, 2025
    New York, New York

                                   JOHN P. CRONAN
                            United States District Judge